UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ALLEN CLOUDEN,

          Petitioner,

  -against-

WILLIAM E. PHILLIPS, Superintendent,

          Respondent.
----------------------------------------------------------------- X

05 CV 2698 (ARR)

NOT FOR
PUBLICATION

OPINION
AND ORDER

ROSS, United States District Judge:

  Petitioner pro se, Allen Clouden ("Mr. Clouden" or "petitioner"), filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 23, 2005, claiming that the evidence was insufficient to support his convictions for murder in the second degree and reckless endangerment in the first degree. For the reasons stated below, the court denies the instant petition for a writ of habeas corpus.

## BACKGROUND

  Following a jury trial, petitioner was convicted on January 14, 2002 of murder in the second degree and reckless endangerment in the first degree. Petitioner was sentenced to concurrent terms of twenty-five years to life for the murder count and two and one-third to seven years for the reckless endangerment count. Specifically, petitioner was convicted of killing Weldon Jones in a shooting on Lexington and Classon Avenues in Brooklyn. Although his face was partially covered, petitioner was recognized by witnesses and seen in the car, which was driven by a co-defendant, holding two guns. In addition to Jones, the gunfire hit another man, Joseph Sims, in his left hand.

1

Petitioner appealed to the Appellate Division, which affirmed the conviction by order dated December 22, 2003. People v. Clouden, 768 N.Y.S.2d 657 (2d Dep't 2003). The Appellate Division explicitly stated that petitioner had not preserved for appellate review his "contention that the evidence was insufficient to establish his guilt beyond a reasonable doubt." Id. at 657. The court went on to state that "[i]n any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish [petitioner's] guilt beyond a reasonable doubt." Id. (citations omitted). In addition, the court held that "the verdict of guilt was not against the weight of the evidence." Id. Thereafter, petitioner sought leave to appeal to the Court of Appeals, which was denied by order dated February 25, 2004. People v. Clouden, 1 N.Y.3d 625 (2004). His conviction became final on May 25, 2004, ninety days after the Court of Appeals denied his leave to appeal on direct review.

## DISCUSSION

### I. AEDPA Standard of Review

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a deferential standard that federal habeas courts must apply when reviewing state court convictions. 28 U.S.C. § 2254(d). The statute provides, in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[C]learly established Federal law, as determined by the Supreme Court of the United States"

"refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts" Supreme Court precedent or if "the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Supreme Court and nevertheless arrives at a result different from that precedent." Id. at 405-06. With respect to the "unreasonable application" clause, "a federal habeas court...should ask whether the state court's application of clearly established federal law was objectively reasonable." Id. at 409. In determining whether an application was objectively unreasonable, "the most important point is that an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law." Id. at 410. Interpreting Williams, the Second Circuit has added that although "[s]ome increment of incorrectness beyond error is required...the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Frances S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks and citations omitted).

This deferential review of state court judgments is available only when the federal claim has been "adjudicated on the merits" by the state court. Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If there is no such adjudication, the deferential standard does not apply, and "we apply the pre-AEDPA standards, and review <u>de novo</u> the state court disposition of the petitioner's federal constitutional claims." Id. (citing Washington v. Schriver, 255 F.3d 45, 55 (2d Cir. 2001)); see also DeBerry v. Portuondo, 403 F.3d 57, 66-67 (2d. Cir. 2005); Miranda v. Bennett, 322 F.3d 171, 178 (2d Cir. 2003). For the purposes of AEDPA, a state court "adjudicates" a

petitioner's federal constitutional claims "on the merits" whenever "it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001). When a state court does so, a federal habeas court must defer in the manner prescribed by AEDPA to the state court's decision on the federal claim, even if the state court does not explicitly refer to either the federal claim or relevant federal case law. Id. To determine whether a state court has disposed of a claim on the merits, the court considers: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." Id. at 314 (quoting Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999)).

II. Petitioner's Claim

A. *Sufficiency of Evidence*

Petitioner claims that the evidence was legally insufficient to support the guilty verdict for murder in the second degree and reckless endangerment in the first degree, thus violating his due process rights under the Fourteenth Amendment. The court may not review petitioner's claim because it is procedurally defaulted, and petitioner has failed to demonstrate either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claims.

Federal courts may not review state court decisions that rest on an adequate and independent state procedural default unless petitioner can show both cause and prejudice or a fundamental miscarriage of justice. Fama v. Commissioner of Correctional Services, 235 F.3d 804, 809 (2d Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Harris v.

4

Reed, 489 U.S. 255, 262 (1989)). In order for federal review to be procedurally barred, the state court's reliance on state law must be "clear from the face of the opinion." Id. (internal quotation marks and citation omitted). The Second Circuit held in Fama that where the state court uses language such as "the defendant's remaining contentions are either unpreserved for appellate review or without merit" the claim is subject to federal review. Id. at 810-11. The court's decision in Fama did not overturn prior rulings, however, that a state court decision constitutes a procedural default where the court stated that a claim was "not preserved for appellate review" before ruling "in any event" on the merits. Id. at 810 n.4.

Where a state court rules against a petitioner on procedural grounds, the petitioner faces a "procedural default" precluding federal habeas review. A procedural default may be excused by a federal court, however, if the petitioner demonstrates either cause for the default and actual prejudice from the alleged violation of federal law, or that the failure to consider the claims will "result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). A petitioner establishes actual innocence by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotation marks and citations omitted).

Petitioner presented these claims to the Appellate Division, which ruled that petitioner

had not preserved for appellate review his "contention that the evidence was insufficient to establish his guilt beyond a reasonable doubt." 768 N.Y.S.2d at 657. The court went on to state that "[i]n any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish [petitioner's] guilt beyond a reasonable doubt." Id. (citations omitted). Under Fama, the state court's ruling constitutes a clear and unambiguous reliance on the procedural violation as a basis for its decision. See 235 F.3d at 810 n.4.

However, the procedural bar doctrine only precludes habeas review when the state procedural ground is firmly established and regularly followed by the state courts. See James v. Kentucky, 466 U.S. 341, 348-49 (1984). As the Second Circuit has recognized, New York's contemporaneous objection rule is firmly established and regularly followed by state courts. See Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999). New York's contemporaneous objection rule requires both that an objection be lodged at the time of the ruling or "at any subsequent time when the court had an opportunity of effectively changing the same .... [and] is sufficient if the party made his position with respect to the ruling or instruction known to the court." N.Y.Crim. Proc. Law § 470.05(2). Under state law, timeliness as well as specificity are required for the preservation of claims of error. See People v. Gray, 86 N.Y.2d 10 (1995) (holding that even where a motion to dismiss for insufficient evidence is made, the preservation rule requires that the objection be directed specifically at the alleged error). In its decision, the Appellate Division, in reliance on New York Criminal Procedure Law § 470.05(2), held that defendant had similarly failed to preserve his legal sufficiency claim for appellate review. Petitioner is thus procedurally defaulted from seeking federal habeas review on these claims unless he demonstrates either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice

would result from the court's refusal to hear the claim. See Coleman, 501 U.S. at 750.

Petitioner has neither attempted to demonstrated cause for the default nor alleged that he is "actually innocent." A petitioner establishes cause for a default when he shows that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Here, petitioner has made no such showing. Moreover, petitioner has not established prejudice, which is also required to excuse procedural default. "To satisfy the prejudice prong, petitioner must show not merely a possibility of prejudice, but that the alleged error worked to his actual and substantial disadvantage." Capiello v. Hoke, 698 F. Supp. 1042, 1052 (E.D.N.Y. 1988) (internal quotation marks and citation omitted). Here, petitioner is unable to show even a possibility of prejudice in light of the overwhelming evidence against him, including an eyewitness who observed him in the vehicle involved in the shooting holding two guns, Tr. 160, 164-65, and another eyewitness who also saw petitioner in the car immediately prior to the shooting and recognized petitioner's voice during the shooting, Tr. 543-47.

Second, petitioner has not argued that failure to hear his claim will result in a fundamental miscarriage of justice. Coleman, 502 U.S. at 752. The Supreme Court has stated that a miscarriage of justice occurs in an "extraordinary" case as where a constitutional violation has "probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 322-24 (1995). Petitioner has not presented any new evidence and, " '[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (citing Schlup, 513 U.S. at 324)). Nor has the petitioner demonstrated a miscarriage of justice by pointing to errors that call into question the validity of

the trial itself, such as violation of the right against double jeopardy. See Washington v. James, 996 F.2d 1442, 1450 (2d Cir. 1993).

Since petitioner cannot show cause for the procedural default and resulting prejudice, nor can he show that a miscarriage of justice would result from the failure to consider the defaulted issue, the claim is procedurally barred and cannot be reviewed. Accordingly, Mr. Clouden's claim that there was insufficient evidence at trial to support his murder and reckless endangerment convictions shall be dismissed without reaching the merits. See Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991).[1]

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to any of the petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: January 18, 2006
Brooklyn, New York

---

[1] To the extent that petitioner has also argued that the verdict is against the weight of the evidence, such a claim is not a federal claim as required by 28 U.S.C. § 2254(a). A "weight of the evidence" claim is based purely on state law. Douglas v. Portuondo, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002). Thus, petitioner raises an error of state law, for which habeas review is not available. See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotations omitted)).

## SERVICE LIST

*Pro Se Petitioner:*

Allen Clouden
02A0584
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

*Counsel for Respondent:*

Joseph Huttler
Kings County District Attorney's Office
350 Jay Street
Brooklyn, NY 11201